

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMANDA LEWIS, an individual, | No. 13-17391 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-01096-CW |
| v. | |
| ACTIVISION BLIZZARD, INC., a Delaware Corporation and BLIZZARD ENTERTAINMENT, INC., a Delaware Corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Argued and Submitted December 10, 2015
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and MOSKOWITZ,[**] Chief
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barry Ted Moskowitz, Chief District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Amanda Lewis appeals from the district court's orders (1) granting summary judgment in favor of defendants Activision Blizzard, Inc. and Blizzard Entertainment, Inc. (Blizzard) and (2) dismissing her state law claims against Blizzard. As the parties are familiar with the facts, we do not recount them here. We review the orders de novo. *See U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*, 692 F.3d 1009, 1014 (9th Cir. 2012); *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err in granting summary judgment in favor of Blizzard. There is no genuine issue of material fact as to whether the baby murloc recordings constitute "work made for hire," defined as "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101.

A work is made by an employee within the scope of her employment when: (1) "it is of the kind [the employee] is employed to perform;" (2) "it occurs substantially within the authorized time and space limits;" and (3) "it is actuated, at least in part, by a purpose to serve the [employer]." *U.S. Auto Parts Network*, 692 F.3d at 1015 (quoting *Avtec Sys., Inc. v. Peiffer*, 21 F.3d 568, 571 (4th Cir. 1994)) (modifications in original).

First, the baby murloc recordings were the kind of work that Lewis was employed to perform. The Game Masters Training Manual specifically stated that

2

one of Lewis's duties was "assisting with the creation of content during the ever ongoing development of the game." Even if Lewis's day-to-day duties primarily consisted of customer service within World of Warcraft, that does not mean that her duties did not also include assisting with the creation of content. Furthermore, Lewis was paid her hourly rate for the time she spent at the recording studio, Blizzard had at least some control over the content of the recordings, the recordings were created specifically for World of Warcraft, and Lewis's supervisor praised Lewis's work on the recordings in Lewis's employee review form.

Second, there is no genuine issue of material fact that the baby murloc recordings took place within the time and space limits of Lewis's employment. The record shows that the recordings took place in Blizzard's studio, on Blizzard's recording equipment, using Blizzard's software, and at the direction of a Blizzard employee.

Third, there is no genuine issue of material fact that Lewis's work on the baby murloc recordings was actuated, at least in part, by a purpose to serve Blizzard. It is undisputed that Lewis created the baby murloc recordings at Blizzard's request. Therefore, even if Lewis contributed to the recordings to advance her own interests, she also did so to contribute to World of Warcraft.

Accordingly, summary judgment in favor of Blizzard was proper.

2.      The district court also did not err in dismissing Lewis's state law claims for commercial misappropriation of voice pursuant to California Civil Code Section 3344 and quantum meruit as preempted under *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134 (9th Cir. 2006).  Lewis's state law claims fall within the subject matter of copyright and the rights asserted in her state law claims are equivalent to the rights in 17 U.S.C. § 106.  *Id.* at 1137-38.

**AFFIRMED.**